IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KRISTINE VALDEZ, aka KRISTINE**
**SAUCEDA, on her own behalf**
**and on behalf of DEZIDERIA SAUCEDA**
**and SANTIAGO SAUCEDA,**

                  **Plaintiffs,**

v.                                              No. CIV 05-451 MV/ACT

**NEW MEXICO HUMAN SERVICES**
**DEPARTMENT, et al.,**

                  **Defendants.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendants' Motion to Stay All Proceedings, filed September 2, 2005. [Doc. No. 37.] The motion is fully briefed and ready for resolution. [Doc. Nos. 46, 47.] After careful consideration of the pertinent law and pleadings, the Court concludes that Defendants' motion for a stay should be denied. The Court's reasoning follows.

### Procedural Background

On March 31, 2005, Plaintiffs filed their Complaint for Violation of Civil Rights and Injunctive and Declaratory Relief in the First Judicial District Court of the State of New Mexico. Plaintiff Kristine Sauceda alleges *inter alia* that Defendants violated her civil rights, along with state and federal law, when they terminated her childrens' Medicaid benefits. Plaintiff seeks injunctive and

1

declaratory relief on behalf of herself and her two children. [Doc. No. 16.] Defendants deny the allegations.

In April 2005, Defendants removed the case to federal court based on Plaintiffs' federal civil rights claims. Shortly thereafter, Defendants filed a motion to dismiss, arguing that the Complaint should be dismissed because the Medicaid laws upon which Plaintiff relies do not provide a private cause of action, Plaintiff did not exhaust administrative remedies, the due process claim fails to state a claim, and the Firth Amendment claims are barred. That motion is fully briefed and pending before the District Court Judge.

On June 21, 2005, this Court held an Initial Scheduling Conference. The Initial Pre-Trial Report was entered on June 27, 2005, setting case management deadlines, including a discovery cutoff date of November 18, 2005.[1] On July 5, 2005, about a week after case management deadlines were entered and before any discovery was conducted, Defendants' filed a Motion for Summary Judgment. In their motion, Defendants assert that Plaintiff's re-application for Medicaid benefits was denied due to a clerical error and that benefits have been restored subsequent to the lawsuit. Thus, Defendants argue dismissal of the Complaint is proper because all claims are now moot.

Without the benefit of discovery, Plaintiff responded to the summary judgment motion and also filed a separate Rule 56(f) motion. In Plaintiff's opposition brief, she argues, in part, that Defendant Human Service Department's system of noticing recipients about their Medicaid accounts is inadequate and results in an automatic closure of many of the accounts every six months. Because of the "auto-closures," thousands of Medicaid recipients in New Mexico allegedly face a lapse in

---

[1]The parties later stipulated to extend the discovery deadline by an additional month. [Doc. No. 28.]

benefits every six months. Plaintiff asserted both in her opposition to summary judgment and in her Rule 56(f) motion that discovery is necessary to fully respond to the summary judgment motion. Both Defendants' Motion for Summary Judgment and Plaintiff's Rule 56(f) motion are fully briefed and pending before the District Court Judge.

Also pending before the District Court Judge is Plaintiff's motion to amend the original complaint. The proposed amended complaint would add several plaintiffs and modify, supplement and/or reorganize allegations in the original complaint. Defendants oppose the motion to amend on grounds that the proposed complaint is unduly prejudicial and futile.

## **Defendants' Motion to Stay**

The present motion before this Court is Defendants' request to stay all proceedings pending the District Court Judge's decision(s) on their Motion to Dismiss, Motion for Summary Judgment and Plaintiff's Motion for Leave to File an Amended Complaint. [Doc. No. 37, p. 1.] Defendants assert that a stay of all proceedings in this case is warranted because of their potentially dispositive motions and because of their opposition to the motion to amend,[2] including arguments regarding mootness, immunity, abstention and standing. Defendants state that if the Court grants their motion to stay, they would agree to a limited amount of discovery for purposes of Plaintiffs' opposition to their summary judgment motion.

---

[2]Defendants also argue that Plaintiff's request to file an amended complaint was nothing more than an attempt to avoid summary judgment. In support of this position, Defendants state that Plaintiff filed her motion for leave to file an amended complaint before conducting any discovery and only after analysis of Defendants' two potentially dispositive motions. Defendants' argument is not persuasive. Only five weeks passed between the opening of discovery and Plaintiff's request for leave to file an amended complaint. Clearly, Plaintiff was busy during those weeks preparing responses to the two potentially dispositive motions. In addition, Plaintiff made clear her intention to file an amended complaint as early as June 27, 2005, as stated in the IPTR. [Doc. No. 16.]

Plaintiff opposes the motion to stay on a number of grounds, including that a pending motion to dismiss, under the circumstances of this case, does not warrant a complete stay of discovery, the summary judgment motion requires factual development of the record before a complete response can be formulated, it would be prejudicial and unfair to Plaintiff to stay proceedings at this stage, and a stay would result in a piecemeal approach to this litigation.

**Legal Standard and Analysis**

Magistrate judges have broad discretion in staying discovery pending decisions on potentially dispositive motions. Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa, 220 F.R.D. 349, 351 (N. D. Ca. 2003). A trial court's discovery rulings, including those related to a request for a stay of proceedings, are reviewed for an abuse of discretion. Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002)

At least one district court in this circuit has observed a general policy not to stay discovery merely because potentially dispositive motions are pending. *See, e.g.,* Wolf v. United States, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also* Moore's Federal Practice, 3d ed. at § 26.105[3][c] ("mere filing of a dispositive motion does not warrant the issuance of a stay of discovery"). Moreover, this District's standard Initial Pre-Trial Report states: "The pendency of dispositive motions shall not stay discovery." [Doc. No. 16, p. 5.] *But cf.* Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth., 201 F.R.D. 1, 2 (D.D.C.2001) (protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is appropriate exercise of the court's discretion).

Motions to stay discovery are generally analyzed under Federal Rule of Civil Procedure 26(c), which provides the Court with authority to issue a protective order staying discovery. A protective order should be granted when the moving party establishes "good cause" for such an order and that

4

"justice requires [the order] to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). At least one Circuit Court has found that the moving party carries a heavy burden in making a "strong showing" as to why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The moving party must demonstrate a particular and specific need for such a protective order as opposed to the presentation of a conclusory argument that its potentially dispositive motion is sure to succeed. Skellerup Ind. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (internal citations omitted).

Courts generally grant requests for stays when the record shows that discovery is not likely to produce facts that would assist the nonmovant in resisting the dispositive motion, the pending motion can be decided without additional discovery, and/or the challenge presents a matter of law rather than the sufficiency of allegations. In addition, it is not unusual to stay discovery pending resolution of a motion based on an immunity defense, when parallel criminal litigation is proceeding, and/or when the court's jurisdiction is in question.

Defendants' motion and reply in support of their request for a stay present the conclusory argument that their motion to dismiss or motion for summary judgment will succeed. This Court does not speculate whether the potentially dispositive motions will be successful.[3] However, in the context of the motion for a stay, the Court concludes that Defendants have not established "good cause" for the issuance of a Rule 26(c) protective order that would stay all proceedings. This is particularly true because a stay of discovery might preclude Plaintiff from fully responding to the motion for summary

---

[3] Indeed, should a stay be issued and rulings on the motions do not dispose of the entire case, the case might be unnecessarily delayed. Similarly, if this Court were to issue a partial stay and allow discovery as to only limited issues, and the District Court Judge did not dismiss all of the claims, the parties might be required to re-visit the discovery that was already completed which defeats the Court's goals of streamlining litigation and reducing costs.

judgment, even though she already filed an oppositional brief setting forth some of the evidence she possesses and outlining other evidence she expects to obtain through discovery.

Moreover, Plaintiff's Rule 56(f) pleadings and affidavit [Doc. Nos. 22 and 23] sets forth in detail the discovery she anticipates to obtain in support of her allegations and her opposition to Defendants' motion for summary judgment. Plaintiff specifically asserts facts she hopes to adduce through discovery and arguments of Defendants that she will attempt to rebut. At this stage of the litigation, it appears to the Court that the facts sought by Plaintiff could affect the resolution of Defendants' motion and that such discovery would not be wasteful or burdensome. Thus, Plaintiff should be permitted a sufficient opportunity to develop a factual basis for defending against the potentially dispositive summary judgment motion.

In addition, a stay of all proceedings may unnecessarily delay this litigation. To do so is contrary to the goals of the Civil Justice Reform Act, 28 U. S. C. § 471 et seq., which requires courts to expedite the ultimate disposition of litigation and to reduce the costs of lawsuits.

Finally, to issue a stay under these circumstances places the Magistrate Judge in the position of making preliminary findings of the likelihood of success on Defendants' motion to dismiss, motion for summary judgment and Plaintiff's motion for leave to amend. In other words, the request asks that the Magistrate Judge speculate whether the case is likely to be disposed of as a result of rulings on the dispositive motions and whether the motion for leave to amend should be granted. The Magistrate Judge declines to answer these questions and appropriately leaves those decisions for the District Court Judge.[4] Accordingly, Defendants motion for a stay of all proceedings [Doc. No. 37] is DENIED.

---

[4]The undersigned magistrate judge's decision denying Defendants' request for a stay and permitting discovery to proceed is no indication of whether the District Court might decide the pending Motion for Summary Judgment without further discovery.

    IT IS SO ORDERED.

                                                                                                   _____
                                                                                                   Alan C. Torgerson
                                                                                                   United States Magistrate Judge