IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINE VALDEZ, a.k.a. Kristine
Sauceda, on her own behalf and on behalf of
Dezideria Sauceda and Santiago Sauceda,

    Plaintiffs,                                     No. CIV 05-451 MV/ACT

vs.

NEW MEXICO HUMAN SERVICES
DEPARTMENT, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed on July 5, 2005, **[Doc. No. 19]**, and Plaintiff's Federal Rule of Civil Procedure 56(f) Motion in Opposition to Summary Judgment, filed July 22, 2005, **[Doc. No. 22]**.  The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motion will be granted and Defendants' motion will be denied without prejudice.

## BACKGROUND

For the past five years, Plaintiff Kristine Valdez (a.k.a. Kristine Sauceda) has received Medicaid benefits for her two children--twelve-year-old Dezideria Sauceda and eight-year-old Santiago Sauceda.  On or about January 8, 2005, Plaintiff received a computer-generated notice from Defendant Human Services Department's Income Support Division advising her that her children's Medicaid benefits would end on February 28, 2005, unless she completed a recertification application.  The notice further advised Plaintiff that she would need to complete the recertification application by February 1, 2005, if she wanted to continue to receive benefits

"without delay." In response to the notice, Plaintiff completed and faxed over a recertification application, a copy of her expiration notice, and five pages of income documentation on January 25, 2005.

On or about February 19, 2005, Plaintiff received a computer-generated notice from the Income Support Division advising her that her case had been closed because she "[f]ailed to reapply for benefits." Plaintiff left several messages for her case worker, Ms. Zamora, but received no response.

On or about February 28, 2005, Plaintiff received two letters (one for each child) from SALUD, the Managed Care Program that manages New Mexico Medicaid, advising her that her children no longer qualified for SALUD. The letter suggested several reasons why her children no longer qualified for SALUD, including the possibility that they were no longer receiving Medicaid.

On March 30, 2005, Plaintiff filed a Complaint alleging, in part, that Defendants "deprived Plaintiff of a property right by failing to take prompt action on her children's Medicaid case, and by closing their Medicaid case without providing Plaintiff with an adequate adverse action notice advising her of the regulation they were relying on," "deprived Plaintiff of a property right by allowing the computer to automatically close her children's Medicaid case before they conducted an *ex-parte* review of their circumstances to determine if Plaintiff's children qualified for any time of Medicaid assistance" and failed to follow state and federal regulations applicable to Medicaid. In her Complaint, Plaintiff seeks extensive injunctive and declaratory relief.

As soon as the Complaint was filed, Defendants reviewed Plaintiff's case file and determined that Plaintiff's reapplication had not been processed due to a "clerical error" and

restored her children's Medicaid benefits on April 3, 2005.  In response to the allegations in the Complaint, Defendants also corrected their notice to include the appropriate statutory citation. Defendants then filed this motion for summary judgment arguing that Plaintiff's claims are moot because Plaintiff's children's Medicaid benefits have been restored and the notice has been corrected.

## **LEGAL STANDARD**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the nonmoving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  *Thrasher v. B & B Chem. Co., Inc.,* 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie,* 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the court that there is an absence of evidence to support the nonmoving party's case, *Celotex,* 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 322.

## DISCUSSION

Defendants argue that Plaintiff's claims are moot because her children's Medicaid benefits have been restored and the alleged deficiency in Defendants' notice has been corrected. Pursuant to Article III of the Constitution, federal courts may adjudicate only actual controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Fischbach v. N.M. Activities Ass'n.*, 38 F.3d 1159, 1160 (10th Cir. 1994). Once such controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter. *Id.*

An exception to the mootness doctrine, however, arises when the case is "capable of repetition, yet evading review." *Gannett Co. v. DePasquale*, 443 U.S. 368, 377, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) (quotation omitted); *Fischbach*, 38 F.3d at 1161. This exception applies when: (1) the duration of the challenged action is "too short to be fully litigated prior to its cessation or expiration," and (2) there is "a reasonable expectation that the same complaining party ... [will] be subjected to the same action again." *Gannett*, 443 U.S. at 377, 99 S.Ct. 2898.

Under the current system, Medicaid applicants are required to submit an application every six months. Thus it is clear that a challenge to the processing of an application is "too short to be fully litigated prior to its cessation or expiration" in satisfaction of the first prong of the "capable of repetition, yet evading review" exception to the mootness doctrine.

The second prong of the "capable of repetition, yet evading review" mootness exception requires that there be "a reasonable expectation that the same complaining party ... [will] be subjected to the same action again." *Gannett*, 443 U.S. at 377, 99 S.Ct. 2898. Defendants assert that there is no reasonable expectation that the same "clerical error" that resulted in the termination of Plaintiff's children's Medicaid benefits will occur in the future. Plaintiff, on the other hand, contends that her children's Medicaid benefits were terminated due to the operation of Defendants' auto-closure system and therefore there is a reasonable expectation that this same action will occur in the future. If Plaintiff can demonstrate that her children's Medicaid benefits were terminated as a result of the automatic closure function on Defendants' computers and Defendants' lack of caseworkers to review and input reapplication materials in a timely fashion, this fact could establish a reasonable expectation that Plaintiff will be subject to improper termination in the future and bring this case within the "capable of repetition, yet evading review" exception to the mootness doctrine.

Whether Plaintiff's children's benefits were terminated due to a "clerical error" that is unlikely to recur or as a result of the operation of Defendants' auto-closure system is a disputed issue of material fact that is the subject of on-going discovery. Consequently, Plaintiff filed a properly supported Rule 56(f) motion requesting that the Court deny Defendants' motion for summary judgment until Plaintiff has had the opportunity to develop the facts essential to her

-5-

position through discovery. As discussed above, the facts Plaintiff is attempting to establish through discovery are essential to defeat Defendants' summary judgment motion and, pursuant to Rule 56(f), Plaintiff must be permitted an opportunity to develop this factual information. Under these circumstances, summary judgment is inappropriate at this time and Defendants' motion for summary judgment on the grounds that Plaintiff's claims are moot will be denied without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Federal Rule of Civil Procedure 56(f) Motion in Opposition to Summary Judgment, filed July 22, 2005, **[Doc. No. 22]**, is **GRANTED**. Defendants' Motion for Summary Judgment, filed on July 5, 2005, **[Doc. No. 19]**, is hereby **DENIED without prejudice**.

Dated this 14th day of March, 2006.

          Electronically Filed
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Gail Evans, Esq.
    John Bouman, Esq.
    Mary Lou Boelcke, Esq.
    Chamiza Antencio-Pacheco, Esq.

Attorneys for Defendants:
    Susan K. Rehr, Esq.
    Paul R. Ritzma, Esq.