IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINE VALDEZ, a.k.a. Kristine
Sauceda, on her own behalf and on behalf of
Dezideria Sauceda and Santiago Sauceda,

      Plaintiffs,                                                 No. CIV 05-451 MV/ACT

vs.

NEW MEXICO HUMAN SERVICES
DEPARTMENT, *et al*.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for a Discretionary Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), filed on March 20, 2006, **[Doc. No. 111]**. In their motion, Defendants seek leave to file an interlocutory appeal of the Court's March 14, 2006 Memorandum Opinion and Order finding that a private right of action exists under § 1396a(a)(3) and § 1396a(a)(8) of the Medicaid Act.

The Court may certify an order for an interlocutory appeal if it believes the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. 1292(b). All three criteria must be met before an order may be certified for interlocutory appeal.

The question of whether § 1396a(a)(3) and § 1396a(a)(8) of the Medicaid Act provide a private right of action has not been addressed by the Tenth Circuit. In making its ruling, however, this Court relied upon law from two circuits that have addressed this question. Thus, it is not

clear that there is a "substantial ground for difference of opinion" with regard to the Court's determination that there is a private right of action to enforce these provisions. Even assuming this criteria is met, however, an immediate appeal from the Court's order is unwarranted because it would not materially advance the ultimate termination of the litigation.

In addition to her statutory claims under the Medicaid Act, Plaintiff has alleged a constitutional due process claim. This claim will proceed even if Defendants prevail on an interlocutory appeal. Furthermore, discovery is complete[1] and this case is scheduled for trial in less than three months. Under these circumstances, an interlocutory appeal would not materially advance the ultimate termination of the litigation and may even delay it.

**IT IS THEREFORE ORDERED** that Defendants' Motion for a Discretionary Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), filed on March 20, 2006, **[Doc. No. 111]**, is hereby **DENIED.**

Dated this 1st day of June, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE


Attorneys for Plaintiff:
    Gail Evans, Esq.
    John Bouman, Esq.
    Mary Lou Boelcke, Esq.
    Chamiza Antencio-Pacheco, Esq.

Attorneys for Defendants:
    Paul R. Ritzma, Esq.

---

[1] The discovery deadline set by the Court has expired. Plaintiff, however, has filed a motion to take additional depositions outside the discovery period.