IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINE VALDEZ, a.k.a. Kristine
Sauceda, on her own behalf and on behalf of
Dezideria Sauceda and Santiago Sauceda,

       Plaintiffs,                                        No. CIV 05-451 MV/ACT

vs.

NEW MEXICO HUMAN SERVICES
DEPARTMENT, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint, filed on October 24, 2005, **[Doc. No. 54]**. Plaintiff seeks leave to file an amended complaint that adds a class of Medicaid recipients allegedly affected by Defendants' notices and policies as well as another named plaintiff and additional factual allegations.

On March 30, 2005, Plaintiff Kristine Valdez filed a complaint on behalf of her two children alleging that Defendants violated federal and state law when they terminated her children's Medicaid benefits. On June 21, 2005, the Court entered a scheduling order providing that Plaintiff had until August 1, 2005, to add additional parties or amend pleadings. On August 1, 2005, Plaintiff filed a motion for leave to file an amended complaint to (1) add individual plaintiff Paula Genther and organizational plaintiff New Mexico Voices for Children, (2) to clarify her claims, and (3) to include additional factual allegations.

On August 9, 2005, Defendant New Mexico Human Services Department ("Human Services Department") notified New Mexico Voices for Children that it believed New Mexico

Voices for Children's participation as a plaintiff in a lawsuit against the Human Services Department violated several provisions of New Mexico Voices for Children's contract with the Human Services Department. New Mexico Voices for Children apparently disagreed and asserted that its participation was necessary to fulfill its contractual obligations to make "sure that eligible New Mexicans are enrolled in Medicaid without a lapse of services."

On October 12, 2005, Human Services Department sent another letter to New Mexico Voices for Children stating that its participation in the lawsuit could result in indemnification of the Human Services Department by New Mexico Voices for Children and could result in New Mexico Voices for Children being liable as a third-party defendant. In this letter, the Human Services Department reminded New Mexico Voices for Children that under the terms of the contract, New Mexico Voices for Children could not disclose any information concerning the performance of its duties under the contract. Apparently at this point, New Mexico Voices for Children decided it did not want to be added as a plaintiff in this case.

On October 24, 2005, Plaintiff withdrew her motion for leave to file the amended complaint to add New Mexico Voices for Children and filed a new motion for leave to file an amended complaint to name a class of plaintiffs. Defendants opposed this motion. Because this matter was stayed from mid-December to mid-February to permit the parties to engage in settlement discussions, Plaintiff's motion was not fully briefed until February 22, 2006.

## DISCUSSION

Plaintiff filed her motion pursuant to Federal Rule Civil Procedure 15(a), which provides that leave to amend will be "freely given when justice so requires." As Defendants correctly note, it is the more stringent "good cause" standard of Federal Rule Civil Procedure 16(b), not the

"freely given" standard of Rule 15(a), that governs a motion to amend filed after the time established for such filings in the initial scheduling order. *See O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004) (citing cases from seven other circuits holding that Rule 16(b)'s "good cause" standard, rather than Rule 15(a)'s "freely given" standard, governs motions to amend filed after scheduling order deadlines). Contrary to Defendants' assertions, however, Plaintiff's failure to cite the correct rule does not necessitate the dismissal of her motion. The Court will simply consider Plaintiff's motion as both a motion to amend the pretrial order and a motion to file an amended complaint, and apply the applicable standard to each motion. *See, e.g.*, *Alires v. Amoco Production Co.*, 774 F.2d 409, 413 (10th Cir. 1985) (motion to amend the complaint is subordinate to a motion to amend the pretrial order).

The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking the amendment. *See* Fed.R.Civ.P. 16 Advisory Committee's Notes (1983 amendment) (the trial court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment).

Plaintiff's first motion to amend her complaint was filed in accordance with the deadline established in the initial pretrial order. Shortly after the motion was filed, however, the Human Services Department took the position that New Mexico Voices for Children's participation in this lawsuit as a plaintiff would violate its contract with the Human Services Department. After

some debate regarding its contractual obligations, New Mexico Voices for the Children decided it would not participate as a plaintiff sometime after October 12, 2005.  Consequently, on October 24, 2005,  Plaintiff withdrew her first motion to amend her complaint to add New Mexico Voices for Children as a plaintiff and filed a second motion to amend her complaint to add a proposed class instead.

Arguably Plaintiff could have determined that New Mexico Voices for Children's contract with the Human Services Department prohibited it from being a plaintiff in an action against the Human Services Department prior to seeking to add it as a plaintiff.  Given the ambiguities in many contracts, however, it may have not been readily apparent that the Human Services Department would interpret the contract as prohibiting New Mexico Voices for Children's proposed participation in this case.[1]  Certainly the evidence before the Court suggests that the point was at least arguable because it appears that the parties to the contract engaged in some debate on the issue prior to New Mexico Voices for Children making its decision not to participate in the lawsuit.

Once New Mexico Voices for Children decided not to participate in the lawsuit, Plaintiff promptly withdrew her first motion to amend and filed a motion to amend to add a class of plaintiffs in place of New Mexico Voices for Children.[2]  Importantly, the motion to amend to add

---

[1] The contract between New Mexico Voices for Children and the Human Services Department has not been provided to the Court.

[2] The parties dispute when Plaintiff first stated she was considering filing a class action. Defendants' counsel submitted an affidavit stating that Plaintiff's counsel expressed the possibility at a Rule 16 Settlement Conference on July 20, 2005, while Plaintiff asserts that she first mentioned the possibility of a class action suit on September 19, 2005, in her Response to Defendant's Motion to Stay All Proceedings.  Resolution of  this factual dispute is not necessary for purposes of this motion, however, because it is undisputed that Plaintiff's goal in filing an

a class of plaintiffs was filed nearly two months prior to the close of discovery.[3] Furthermore, it does not appear that Defendants will be unduly prejudiced due to the addition of the proposed plaintiffs because the claims being made by the proposed plaintiffs are essentially identical to the existing claims.[4] Plaintiff has acted diligently and the pretrial order will be amended to permit the filing of a motion to amend her complaint.

Plaintiff's motion to amend her complaint satisfies the requirements of Rule 15(a). Under Rule 15(a), leave to amend a complaint is freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Defendants have not demonstrated undue prejudice, bad faith, or dilatory motive, and, consequently, Plaintiff's motion to amend her complaint will be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, filed on October 24, 2005, **[Doc. No. 54]**, which is construed as both a motion to

---

amended complaint was to name a non-individual plaintiff to focus the case on the systemic legal issues and not on an individual plaintiff. Plaintiff first attempted to add an organizational plaintiff. When that plaintiff declined to participate due to pressure from Defendants, Plaintiff decided to name a class of plaintiffs. Thus, regardless of when Plaintiff first considered the possibility of a class action complaint, the need to file a class action complaint was not apparent until the proposed organizational plaintiff decided that it would not participate in the lawsuit.

[3] On August 15, 2005, the close of discovery was extended until December 19, 2005. *See* August 15, 2005 Order [Doc. No. 33].

[4] Defendants, noting that they have a pending motion to dismiss and motion for summary judgment, devote substantial time in their opposition to arguing that Plaintiff's proposed amendment is an obvious ploy to avoid summary judgment and that the proposed amendment will fail for the same reasons stated in their pending motions. Subsequent to the filing of Defendants' opposition, the Court denied both of Defendants' motions. Thus, these arguments will not be addressed further.

amend the pretrial order and a motion for leave to file an amended complaint, is hereby

**GRANTED**.  Plaintiff has five days from the date of this Order to file her amended complaint.

Pursuant to the Court's December 2, 2005 Order, [Doc. No. 75], the filing of this Order starts the time period for Defendants to file their responses to Plaintiff's Motion for Class Certification and Plaintiff's Motion for Preliminary Injunction.

Dated this 7th day of June, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Gail Evans, Esq.
    John Bouman, Esq.
    Mary Lou Boelcke, Esq.
    Chamiza Antencio-Pacheco, Esq.

Attorneys for Defendants:
    Paul R. Ritzma, Esq.