## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KRISTINE VALDEZ, a.k.a. Kristine
Sauceda, on her own behalf and on behalf of
Dezideria Sauceda and Santiago Sauceda; and
PAULA GENTHNER, on her own behalf and
on behalf of Megan Genthner and Zachary
Genthner, individually; and on behalf of all
similarly situated persons,



**FILED**

UNITED STATES DISTRICT COURT

SEP 2 8 2007

        Plaintiffs,

vs.

        No. CIV 05-451 MV/ACT

NEW MEXICO HUMAN SERVICES
DEPARTMENT, *et al.*,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Reconsider Order

Dismissing Case and Memorandum in Support Thereof, filed on October 13, 2006, **[Doc. No.**

**201]**, and Plaintiffs' Additional Motion for Relief from Court's Order Dismissing Case, filed on

March 9, 2007, **[Doc. No. 205]**.  The Court, having considered the motion, briefs, relevant law

and being otherwise fully informed, finds that the motions will be **DENIED**.

### BACKGROUND

This case was brought by a proposed class of New Mexico Medicaid recipients who

contend that Defendant New Mexico Human Services Department's ("HSD") recertification

system for certain Medicaid benefits[1] violates the Medicaid Act, their procedural due process

---

[1] The three Medicaid categories at issue in this case are (1) pregnancy and family
planning Medicaid; (2) Medicaid for children under 19; and (3) Medicaid for families.

rights under the Fourteenth Amendment of the United States Constitution, and the New Mexico
Constitution and state regulations because it permits automatic computer termination of benefits
at the end of the designated eligibility period without proper notices and without an
individualized review to affirmatively determine if a recipient continues to qualify for Medicaid.
Plaintiffs also contend that Medicaid benefits are being automatically terminated by HSD's
computer system even though recipients timely submitted recertification materials because HSD
caseworkers fail to enter the requisite information to recertify recipients' eligibility prior to the
expiration of their Medicaid authorization.

On September 29, 2006, the Court granted Defendants' Motion to Dismiss and/or Motion
for Summary Judgment as to All Claims Against All Defendants, finding that Plaintiffs had
failed to demonstrate that, as of the date their complaint was filed, they faced a real and
immediate threat of being injured in the future by the Medicaid recertification process and,
therefore, lacked standing to bring a challenge to the recertification system. *See* Memorandum
Opinion and Order, dated September 29, 2006, [Doc. No. 200]. On October 13, 2006, Plaintiffs
filed a Rule 59(e) motion seeking reconsideration of this decision on a number of grounds. On
March 9, 2007, Plaintiffs filed another motion seeking relief from the decision on the basis of
newly discovered evidence, which, as discussed below, the Court considers a Rule 60(b) motion.

## LEGAL ANALYSIS

### I. Rule 59(e) Motion

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.
When a court has misapprehended the facts or misapplied the law, however, a party may seek
relief pursuant to Fed. R. Civ. P. 59. The decision whether to grant or deny a motion under Rule

59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Absent extraordinary circumstances, a motion to reconsider may not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiffs contend that reconsideration is necessary to correct clear error, prevent manifest injustice, and to review newly discovered evidence. Specifically, Plaintiffs seek reconsideration on the following grounds:

> 1) The Court incorrectly determined that Defendants sent adverse action notices ten days in advance of the proposed action as required by federal law.
>
> 2) The Court incorrectly applied the law of summary judgment by weighing evidence, resolving contested factual issues, declining to draw an inference from the evidence presented, and relying upon facts and evidence that Defendants did not put forward as part of their motion.
>
> 3) The Court granted Defendants' motion before ruling on Plaintiffs' pending discovery motions.
>
> 4) The Court made incorrect conclusions of law about the Medicaid recertification procedure.
>
> 5) The Plaintiffs have newly discovered evidence that further shows that Defendants' autoclosure policy is resulting in Defendants' terminating the Medicaid health care coverage of eligible recipients even though the recipients complied or attempted to comply with Defendants' recertification process.

The Court will consider each of these arguments in turn; however, the Court notes that throughout this case Plaintiffs' claims, which were ill-defined from the beginning, have continued to shift, expand, and change direction. The redefining and recasting of Plaintiffs'

claims continues in this motion to reconsider.[2]  While the Court has made a concerted effort to

comprehend Plaintiffs' claims from the voluminous briefings filed in this case (Plaintiffs

incorporated every brief ever filed in this case in their opposition to the motion to dismiss or for

summary judgment),[3] Plaintiffs must recognize that their presentation of their case has hampered

the Court's ability to discern a coherent legal and factual basis for their claims.

### A.      Adverse Action Notices

Plaintiffs first assert that the Court incorrectly determined that Defendants sent adverse

action notices ten days in advance of the proposed action as required by federal law.  When

making redeterminations of Medicaid eligibility, a state "must give recipients timely and

---

[2]  For example, in their memorandum in support of their motion for reconsideration, Plaintiffs argue, for the first time, that Defendants notices are not sent out ten days prior to an adverse action and, in their reply brief in support of their motion for reconsideration, Plaintiffs argue, for the first time, that requiring a new application every year violates Medicaid regulations.

[3]  As stated by the Court in its Opinion:

Plaintiffs, without approval of the Court or authorization under local rule, purported to incorporate by reference all prior briefing submitted by Plaintiffs in this case in their response to the instant motion.  *See* Response at p. 2, n. 1 ("For most of the authorities in support of their positions in this brief, plaintiffs rely on prior briefing that is incorporated herein by reference . . ."). While in certain circumstances it may be appropriate to incorporate by reference a specific section or argument in a prior brief, it is not appropriate to incorporate by reference an entire prior brief, much less *all* prior briefs.  The Court was initially inclined to disregard this unauthorized incorporation but it found, upon reviewing Plaintiffs' response, that resort to other briefing was necessary to discern the nature of Plaintiffs' claims.  Consequently, this Opinion refers to, and relies upon, the prior briefing submitted by both parties in this case on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' Motion for Class Certification, and Defendants' Motion to Dismiss All Claims Against All Defendants.  Plaintiffs, however, should not expect such lenient treatment in the future.

September 29, 2006 Opinion at p. 15, n. 11.

adequate notice of proposed action to terminate, discontinue, or suspend their eligibility or to reduce or discontinue services they may receive under Medicaid." 42 C.F.R. § 435.919 (a).  To be timely, a notice must be mailed at least ten days prior to the proposed action.  42 C.F.R. §§ 431.211.

Plaintiffs did not assert in their Amended Complaint or in opposition to Defendants' motion to dismiss or for summary judgment that Defendants violated this requirement.  In fact, the Court could find no reference to this argument in the entire record in this case.  In their Amended Complaint, Plaintiffs only generally asserted that Defendants' notices violated the Medicaid Act and the Due Process Clause.  In their response to Defendants' Motion to Dismiss, Plaintiffs asserted that the notice process was inadequate because HSD had "not adequately dealt with undeliverable mail problems, and they ha[d] not instituted a workable change of address system, and they d[id] not adequately follow through to determine if clients were informed of the need to recertify."  Response at p. 19-20.  In its Order, the Court addressed each of these arguments and found that none was sufficient to demonstrate a real and immediate threat that Plaintiffs would be injured by an untimely notice in the future.

Only now, in their motion for reconsideration, do Plaintiffs assert that Defendants do not send out notices ten days before the proposed adverse action.  Of course the sample notices that Plaintiffs now claim establish that Defendants violated the timely notice requirement were attached to Defendants' motion and could have been addressed by Plaintiffs in their opposition.

Plaintiffs also submit evidence that in February of 2006, Defendant changed the date they issue adverse action notices.  The significance of this date change is not explained but it is clear that Plaintiff was aware of the alleged date change prior to the Court issuing its Opinion.  Absent

extraordinary circumstances, a motion to reconsider may not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d at 1012; *see also Van Skiver,* 952 F.2d at 1243.  Plaintiffs' attempt to assert new claims in a motion for reconsideration based on evidence that was available at the time the Court's Opinion was issued is not well-taken.

**B.**    **Application of Summary Judgment Standards**

Plaintiffs next contend that the Court misapplied the standard for summary judgment in a number of ways.[4]

**i. Consideration of Evidence Not Cited in Defendants' Motion**

First, Plaintiffs assert that the Court relied on four categories of evidence that were not referenced by Defendants in their motion: 1)  affidavits from every HSD county director or manger who was responsible for the processing of Medicaid recertification applications; 2) deposition testimony of Rita Espinosa; 3) deposition testimony of Bertha Bustamonte; and 4)

---

[4] Strikingly, Plaintiffs assert in their reply brief to the motion for reconsideration that this case, which was three weeks from its rescheduled trial date and well past its original trial date when the Court made its ruling, was not ready for summary judgment.  Plaintiffs state that class certification and full classwide discovery is necessary prior to a ruling on summary judgment.  This is another example of Plaintiffs' inconsistent and shifting arguments that have made this case so difficult.  First, Plaintiffs' statement that classwide discovery is necessary directly contradicts their representation to the Court in May of 2006 that additional discovery would not be necessary if the class certification motion was granted.  *See* May 19, 2006 Order [Doc. No. 145].  Prior to their reply brief, Plaintiffs did not suggest that summary judgment was premature.  Plaintiffs did not seek an extension of discovery.  Plaintiffs did not file a Rule 56(f) affidavit.  Plaintiffs did not request a continuance on the trial date.  In fact, to the contrary, on September 5, 2006, which was three weeks prior to the Court's ruling, Plaintiffs requested a firm trial date of October 16, 2007.  *See* Plaintiffs' Motion for Definite Trial Setting, filed September 5, 2006, [Doc. No. 188].  If Plaintiffs believed additional discovery was necessary and that summary judgment was premature, Plaintiffs should have raised this issue before discovery concluded, before the Court made its ruling, and before the trial was just weeks away.  It is disingenuous for Plaintiffs to now argue that summary judgment was premature.

deposition testimony of Katie Falls.[5]

Understanding why the Court considered these categories of evidence requires a brief review of a portion of the procedural history of the case. On June 21, 2006, Defendants filed a response to Plaintiffs' motion for preliminary injunction. Attached to this response were thirty-three form affidavits from Defendants' employees attesting to the fact that they were not having any difficulties processing Medicaid applications or recertification materials in a timely fashion. On the same day, Defendants also filed a motion to dismiss that referenced these thirty-three affidavits. Plaintiffs filed a response to the motion to dismiss on July 5, 2006, and, at the same time, moved to exclude the affidavits.[6] In their response to the motion to dismiss, Plaintiffs addressed the affidavits on the merits and submitted the deposition testimony of Rita Espinosa, Bertha Bustamante, and Katie Falls in support of their argument that the affidavits were contrary to testimony from other defense witnesses.

On July 14, 2006, Defendants filed another motion to dismiss and/or for summary judgment, which is the motion at issue here. Defendants' motion and memorandum did not reference the thirty-three affidavits. Defendants' reply, however, referenced the affidavits and referred the Court to Defendants' response to Plaintiffs' motion for preliminary injunction. Plaintiffs did not seek to file a sur-reply to rebut these affidavits.

In their response to the instant motion, Plaintiffs incorporated by reference all "prior

_____

[5] Plaintiffs also challenge the Court's characterization of certain background information on the Medicaid application process, such as why Defendants implemented autoclosure and whether letters are sent informing recipients if an incomplete application is received. None of these statements is material to the issues decided by the Court in its Opinion and will not be addressed further by the Court.

[6] The motion to exclude the affidavits was subsequently denied.

briefing" and specifically referenced their July 5, 2006 response, which was Docket #165. *See* Response at p. 2, n. 1 ("For most of the authorities in support of their positions in this brief, plaintiffs rely on prior briefing that is incorporated herein by reference, particularly Docket #160 and 165."). As a result of Plaintiffs' incorporation by reference, which apparently included all filings in the case, as well as Defendants' incorporation of various prior filings, the Court reviewed the entire record in the case when ruling on the motion, including Plaintiffs' response to the affidavits in their July 5, 2006 response. Thus, contrary to Plaintiffs' argument in their motion for reconsideration, Plaintiffs were on notice that the affidavits were being considered by the Court and should have provided any contrary evidence at that time. Furthermore, the Court did consider Plaintiffs' arguments and evidence submitted to rebut these affidavits contained in Plaintiffs' July 5, 2006 response. The fact that Defendants did not reference these affidavits in their recitation of material facts, while a technical violation of Local Rule 56.1(b), does not warrant reconsideration of the case when Plaintiffs were on notice that the affidavits were before the Court and Plaintiffs' arguments regarding the affidavits were incorporated by reference and considered by the Court.

Plaintiffs also assert that the Court inappropriately relied on deposition testimony from Rita Espinosa, Bertha Bustamonte, and Katie Falls when "[n]one of these witnesses or the facts their testimony is used to establish, were referenced by the defendants in either their motion or their reply." Again, the Court considered this deposition testimony because it was part of the prior filings incorporated by the parties in the briefing on summary judgment. Specifically, Plaintiffs submitted this testimony as part of their response to Defendants' first motion to dismiss and then specifically incorporated that response in their briefing on this motion, If a party incorporates by reference prior filings in a case, it may not complain when the Court

8

considers the evidence and arguments made in these prior filings.

### ii. Weighing Evidence and Deciding Contested Issues of Fact

Plaintiffs assert that the Court improperly weighed the evidence and decided contested issues of fact. Much of the argument in support of this assertion, however, is challenging a legal determination by the Court that some affidavits submitted by Plaintiffs were hearsay and could not be considered by the Court. In their response to the motion to dismiss or for summary judgment, Plaintiffs attached affidavits from doctors and social workers generally stating that some of their patients and clients had told them that they had been terminated from Medicaid even though they cooperated with the state's recertification procedures. In its Opinion, the Court rejected these statements as hearsay. Plaintiffs disagree with this determination, stating that these statements are admissible under various hearsay exceptions. Notably, Plaintiffs do not provide any support for their assertion that these statements are admissible under a hearsay exception. The testimony submitted by Plaintiffs was classic hearsay, was not admissible under any of the hearsay exceptions, and could not be considered by the Court in ruling on the motion to dismiss or for summary judgment.

Plaintiffs attached revised affidavits from these persons as part of their motion for reconsideration in an attempt to recast their testimony in an admissible form. Plaintiffs submission of revised affidavits is nothing more than an attempt to circumvent the Court's ruling. A motion for reconsideration is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *Van Skiver,* 952 F.2d at 1243. Furthermore, these affidavits would not alter the Court's conclusion that Plaintiffs did not demonstrate that they faced a real and immediate threat of being injured in the

future by the recertification process. Tens of thousands of Medicaid recertifications have been processed each month during the nearly three years this case has been pending. Demonstrating that there is a systemic problem with the recertification process requires more than just anecdotal evidence that some recertifications may not have been processed properly. *See, e.g., Salazar v. D.C.*, 954 F.Supp. 278, 284 (D.D.C. 1996) (In a similar case challenging the timeliness of the District of Columbia's processing of Medicaid applications, plaintiffs demonstrated that there was a systemic problem by retaining experts to review case files and gather data regarding the overall timeliness of the District's application processing.).

Plaintiffs also claim that the Court should not have considered Defendants' thirty-three affidavits because the Court did not consider Plaintiffs' hearsay affidavits. There is no basis for this argument. The affidavits submitted by Defendants were not hearsay and were admissible. In making its ruling, the Court considered admissible evidence and disregarded inadmissible evidence. While Plaintiffs may disagree with the Court's ruling, such disagreement does not provide a basis for reconsideration of the ruling.

### iii. Katie Falls' Statement

Plaintiffs state that the Court improperly relied on a hearsay statement from Katie Falls. The statement cited by the Court was "Q. And are you aware if there has been any attempt to figure out why it is that so many cases that are autoclosed are subsequently reinstated? A. There has not been an official study. I think that what I hear from my field offices is that people do not always bring in the notices--the information, not the notices, I'm sorry, and so sometimes people do not react until they get a notice saying that it's closed, and my understanding is that is the predominant reason for most of the closures, and, then, the reinstatements." *See* Dep. Kathryn Falls at 82. Plaintiffs neglect to mention, however, that this statement was submitted by

10

Plaintiffs in their response to Defendants' motion to dismiss and specifically incorporated by reference in Plaintiffs' response to the motion to dismiss or for summary judgment. Plaintiffs cannot challenge the admissibility of a hearsay statement they relied upon and provided to the Court. *See* 10A Charles Alan Wright *et al.*, Federal Practice & Procedure § 2722, at 384-85 (3d ed. 1998) ("[U]ncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived.") (footnote omitted); *see also* Fed. R. Evid. 801(d)(2)(B) ("A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement of which the party has manifested an adoption or belief in its truth[.]"). Furthermore, even if this statement was improperly considered, it was not determinative of any of the Court's rulings.

### iv. Reasonable Inferences

Finally, Plaintiffs argue that the Court failed to draw all reasonable inferences in favor of Plaintiffs. In support of this argument, Plaintiffs simply rehash the evidence they provided in their response and that the Court considered in making its ruling. As the Court previously found, Plaintiffs' position is based on layer after layer of inference that fails to support a competing version of the truth.[7] Plaintiffs' disagreement with the Court's determination that Plaintiffs'

---

[7] Furthermore, as the Court noted in its Opinion, in some circumstances it may be permissible for the Court to resolve certain limited factfinding on summary judgment. *See* Opinion at p. 29, n. 24 ("While the Court is not choosing between two reasonable inferences, which would be a question for the trier of fact, it does note that other courts have held that if, in a nonjury case like this one, the basic dispute between the parties concerns factual inferences that one might draw from more basic facts to which the parties have drawn the court's attention, the court is freed from the usual constraints that attend adjudication of summary judgment motions and may engage in a certain amount of differential factfinding. *See, e.g., Reich v. John Alden Life Ins. Co.*, 126 F.3d 1 (1st Cir. 1997). This question has not been addressed by the Tenth Circuit. *See Skinner v. Administrative Committee of W.R. Grace & Co. Long Term Disability Income Plan*, 956 F.2d 278, *1 (10th Cir. 1992) (unpublished) ("Because we conclude that Plaintiff has failed to demonstrate a genuine issue of material fact, *see* Fed.R.Civ.P. 56, we find

proposed inferences were insufficient to support a competing version of the truth does not

provide any grounds for the Court to reconsider its decision.

### C.  Outstanding Discovery Requests

Plaintiffs argue that it was improper for the Court to dismiss Plaintiffs' case when

Plaintiffs had two pending motions to compel discovery responses.  The Supreme Court has held

that, under Fed. R. Civ. P. 56(f), "summary judgment [should] be refused where the nonmoving

party has not had the opportunity to discover information that is essential to his opposition."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

 Rule 56(f)'s protection "arises only if the nonmoving party files an affidavit explaining why he

or she cannot present facts to oppose the motion." *Dreiling v. Peugeot Motors of Am., Inc.*, 850

F.2d 1373, 1376 (10th Cir. 1988).  To benefit from the rule, a party "at a minimum must ask the

court to refrain from acting on the summary judgment request until additional discovery can be

conducted." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007) (quoting *C.B.

Trucking, Inc. v. Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir.1998)); *see also Allen v. Sybase,

Inc.*, 468 F.3d 642, 662 (10th Cir. 2006) (concluding that a party's "footnote request in its

[response] brief for additional discovery time does not pass muster under rule 56(f)").  "Where a

party opposing summary judgment and seeking a continuance pending completion of discovery

fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no

abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v.

Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986).

Plaintiffs' argument that summary judgment was not appropriate because there were two

it unnecessary to address Defendant's argument that the district court may resolve issues of
material fact on summary judgment where the case was set for a nonjury trial.").

outstanding discovery motions seeking critical evidence for Plaintiffs' case is undermined by Plaintiffs' actions in this case. First, Plaintiffs did not seek the protection of Rule 56(f) prior to responding to Defendants' motion and did not at any point prior to the motion to reconsider state that discovery was needed to oppose the motion.[8] Only after the Court made its ruling did Plaintiffs contend that this discovery was essential. "[A] party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful." *C.B. Trucking, Inc.*, 137 F.3d at 44. Second, Plaintiffs did not diligently seek this discovery. Plaintiffs filed the first discovery motion on July 20, 2007. Defendants did not file a response. Plaintiffs never filed a notice of completion of briefing, which would have triggered the Court to make a ruling on the motion. If Plaintiffs believed this discovery was vital to their case, they should have sought a ruling on the motion in a timely fashion. The second discovery motion was filed on September 8, 2006, which was after the deadline for the filing of discovery motions and did not allow enough time for the motion to be fully briefed prior to trial.

In the absence of the filing of a Rule 56(f) affidavit or any mention that discovery was necessary in Plaintiffs' response to the motion to dismiss or for summary judgment, the Court will not reconsider its ruling on the grounds that two discovery requests were outstanding.

### D. Medicaid Law

---

[8] Plaintiffs argue that their discovery requests themselves satisfied the requirements of Rule 56(f). In support of this assertion, Plaintiffs cite *Garret v. City & County of San Francisco*, 818 F.2d 1515, 1518-1519 (9th Cir. 1987). In *Garret*, the Ninth Circuit held that when a timely filed discovery motion is clear about the information it seeks and how it would preclude summary judgment, it can satisfy the requirements of Rule 56(f). *Garret* has been discussed and distinguished in two unpublished Tenth Circuit opinions but has never been adopted by the Tenth Circuit. The Tenth Circuit continues to hold that to receive the protection of Rule 56(f), a party "*at a minimum* must ask the court to refrain from acting on the summary judgment request until additional discovery can be conducted." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007) (emphasis added).

Plaintiffs argue that the Court made an error of law when it did not accept Plaintiffs' interpretation of Medicaid as being "open-ended" and found that the Medicaid Act did not require an *ex parte* review prior to termination of benefits. Plaintiffs' arguments on the correct interpretation of Medicaid law were fully considered in the Court's opinion and the fact that Plaintiffs disagree with the Court's rulings does not provide any basis for the Court to reconsider its rulings.

**E. Newly Discovered Evidence**

Plaintiffs have submitted twelve affidavits from new witnesses that Plaintiffs contend constitute newly discovered evidence justifying reinstating this case. Six of these affidavits are from caseworkers or paralegals who state that in their positions they "have personally helped many Medicaid recipients who have submitted their recertification papers timely but are still terminated, and upon inquiry, the ISD caseworkers have not processed the paperwork on time." The remaining six affidavits are from Medicaid recipients stating that they timely reapplied for Medicaid but their Medicaid was terminated because they "failed to apply." All these affidavits were prepared in a one week period following the issuance of the Court's Opinion.

In order to support a Rule 59(e) motion with newly discovered evidence, the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence. *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). (*citing Chery v. Bowman*, 901 F.2d 1053, 1057-58 n. 6 (11th Cir. 1990)). The affidavits are new in the sense that Plaintiffs did not seek the affidavits until after the Court's ruling. However, the affidavits are not newly discovered evidence because it appears that Plaintiffs could have obtained the same affidavits, or substantially the same affidavits, prior

14

to the Court's decision.

While Plaintiffs generally assert that they made a diligent yet unsuccessful effort to discover potential witnesses throughout the pendency of the case, they provide no facts supporting this assertion as it relates to the affidavits provided with their motion for reconsideration. There is no basis to conclude that Plaintiffs, despite diligent efforts, could not find affiants to support their case during the nearly two years of discovery but, after the Court's ruling, were able to obtain twelve affiants in a matter of days. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998). The Court will not reconsider its Opinion based on evidence that could have been obtained with due diligence prior to the Court's ruling.

Furthermore, these affidavits would not alter the Court's conclusion that Plaintiffs did not face a real and immediate threat of being injured in the future by the recertification process. Hundreds of thousands of Medicaid recertifications were processed during the years this case has been pending. Demonstrating that there is a systemic problem with the recertification process requires more than just evidence of a handful of instances in which recertifications allegedly were not processed properly. *See, e.g., Salazar,* 954 F.Supp. at 284 (In a similar case challenging the timeliness of the District of Columbia's processing of Medicaid applications, plaintiffs demonstrated that there was a systemic problem by retaining experts to review case files and gather data regarding the overall timeliness of the District's application processing.).

**II. Rule 60(b) Motion**

On March 9, 2007, Plaintiffs filed another motion seeking to supplement their Rule 59(e)

motion or, in the alternative, to be considered a new motion under Rule 60(b). Plaintiffs'

motion, which was filed over five months after the Court issued its ruling, will be construed as a

motion under Rule 60(b). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir.

2006) ("Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the

time in which the motion is filed. If a motion is served within ten days of the rendition of

judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time

it falls under Rule 60(b)."). Rule 60 permits a court to "relieve a party ... from a final judgment

... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered in time to move for

a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or (6) any other reason

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "[R]elief under

Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Allender*,

439 F.3d at 1242.

Plaintiffs assert that newly discovered evidence justifies reinstatement of their case or, at

a minimum, the opportunity to develop new evidence through additional discovery. Plaintiffs'

newly discovered evidence involves two incidents in which Medicaid coverage was allegedly

terminated without notice. These incidents, however, both took place in February of 2007,

nearly five months after the Court dismissed this case. A motion for relief from judgment under

Rule 60(b) by reason of newly discovered evidence must be based on evidence that was in

existence at the time the judgment was issued. *See, e.g., Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d

16

1378, 1383 (Fed. Cir. 2002)("Just as Rule 60(b)(6) is unavailable to reopen a judgment on grounds of newly discovered evidence (that existed at the time of trial), it is unavailable to reopen a judgment on the grounds that new evidence has come into being after the trial has been concluded."); *Brown v. Pennsylvania R. Co.*, 282 F.2d 522, 526-7 (3rd Cir. 1960) (Phrase "newly discovered evidence," as used in Rule 60(b) refers to evidence of facts in existence at the time of trial and of which aggrieved party was excusably ignorant.); *American Civil Liberties Union v. Department of Defense*, 406 F. Supp. 2d 330, 332 (S.D.N.Y. 2005) (To prevail on motion for relief from judgment or order on grounds of newly discovered evidence, party must show newly discovered evidence is of facts existing at decision was made.).  Plaintiffs' newly discovered evidence was not in existence at the time the Court's decision dismissing this case was made and cannot provide a basis for relief from that decision.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider Order Dismissing Case and Memorandum in Support Thereof, filed on October 13, 2006, **[Doc. No. 201]**, and Plaintiffs' Additional Motion for Relief from Court's Order Dismissing Case, filed on March 9, 2007, **[Doc. No. 205]**, are **DENIED**.

Dated this 28th day of September, 2007.

MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys  for Plaintiff:
    Gail Evans, Esq.
    John Bouman, Esq.

<u>Attorneys for Defendants</u>:
  Susan K. Rehr, Esq.
  Paul R. Ritzma, Esq.